**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
────────────────────────────────────

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                    **10-CR-268A(Sr)**

**JERRY ROBBINS,**

        **Defendant.**
────────────────────────────────────

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. # 2.

## PRELIMINARY STATEMENT

        The defendant, Jerry Robbins, is charged in a twenty-six-count indictment with, *inter alia*, utilizing his automobile sales business to launder drug proceeds, failing to properly record cash transactions exceeding $10,000 and evading taxes, in violation of Title 18, United States Code, Sections 2; 1956(a)(1)(B)(i); 1956 (a)(1)(B)(ii); 1956(a)(3)(B); 1956 (h); 1957(a); and 2232(a); and Title 31 United States Code Sections 5322(b) and 5331(a).  Dkt. #1.  The defendant also faces forfeiture of money and real property pursuant to Title 18, United States Code, Sections 998(a)(1) and Title 21, United States Code, Section 853(p).  Dkt. #1.

The defendant filed an omnibus motion seeking, as relevant to this decision and order:

(1)   Bill of Particulars;

(2)   Rule 16 Discovery and Rule 12(b)(4) Notice;

(3)   Pretrial Disclosure of *Brady* Material;

(4)   Disclosure of Identity of Informants;

(5)   Pretrial Disclosure of Evidence Proffered Under Rule 404(b) and Order of Exclusion;

(6)   Review of Personnel Files of Government Agent Witnesses;

(7)   Preservation of Evidence;

(8)   Disclosure of Rule 807 Residual Exception Statements; and

(9) Leave to Make Further Motions.

Dkt. #25.   The government filed a response and request for reciprocal discovery.  Dkt. #30.  Defendant's motion to dismiss due to violation of the proffer agreement; motion to dismiss due to duplicity; and motion to suppress evidence seized pursuant to the execution of search warrants for Finish Line Auto Sales and 143 Pine Ridge Road are addressed in a separate Report, Recommendation and Order.

## DISCUSSION AND ANALYSIS

### Bill of Particulars

Defendant seeks a bill of particulars with respect to every count of the indictment in order to prepare for trial and avoid prejudicial surprise.  Dkt. #25, ¶¶ 75-80.

The government responds that a bill of particulars is not appropriate. Dkt. #30, p.19.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, _____ U.S. _____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007).

In the instant case, the charges in the indictment are sufficiently specific to clearly inform the defendant of the essential facts of the crimes charged. As a result,

the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.  Therefore, it is hereby ordered that this aspect of defendant's motion is denied.

**Rule 16 Discovery**

Defendant seeks discovery as provided by Rule 16 of the Federal Rules of Criminal Procedure and notification of whether the government intends to use evidence that he may be entitled to discover under Rule 16 as evidence at trial.  Dkt. #25, ¶¶ 81-82.

The government responds that it has and will continue to fulfill its obligation pursuant to Rule 16 and that it intends to use all of the evidence disclosed during discovery at trial, including evidence obtained during execution of a search warrant at defendant's business and residence.  Dkt. #30, pp.19-22.  The government also represents that it will disclose the identity of expert witnesses and provide lab reports to the defendant as they become available.  Dkt. #30, p.22.  The government further states that it will provide *Jencks* material in accordance with the district court's scheduling order.  Dkt. #30, p.22.  In reliance upon these representations, it is hereby ordered that this aspect of defendant's motion is denied as moot.

**Brady Material**

Defendant seeks immediate disclosure of exculpatory and impeaching material in the government's possession.  Dkt. #25, ¶¶ 101-119.

-4-

The government acknowledges it's responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963), and Giglio v. *United States*, 405 U.S. 150 (1972), and subsequent cases. Dkt. #30, pp.24-25. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. Dkt. #30, pp.24-25.

In reliance upon these representations, it is hereby ordered that the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied as moot, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Identity of Informants**

Defendant seeks the identity and whereabouts of all informants possessing information material to his guilt or innocence or presence at the events described in the indictment, as well as any government reports containing information received from such informants. Dkt. #25, ¶¶ 120-136. Defendant argues that the informants are material witnesses. Dkt. #25, ¶ 131.

The government responds that defendant has failed to demonstrate the necessity of such discosure at this point in time. Dkt. #30, pp.25-26.

In *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), the Court of Appeals for the Second Circuit discussed the standard for disclosure of confidential informants, stating:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was

-6-

> "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case.  789 F.2d at 170."

*See also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).  As the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is hereby denied.

**Rule 404(b) Material**

Defendant seeks pretrial notice of any acts which the government may seek to prove pursuant to Rule 404(b) of the Federal Rules of Evidence, as well as judicial determination as to the admissibility of such evidence.  Dkt. #25, ¶¶ 137-145.

The government responds that if evidence of proof of other crimes, wrongs or acts become available to the government, it intends to offer such proof at trial, and represents that it would provide any such information to the defense in accordance with the district court's scheduling order.  Dkt. #30, pp.26-27.

Rule 404(b) provides that a prosecutor provide reasonable pretrial notice of the general nature of any evidence of a crime, wrong, or other act intended to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident upon request by the defendant. In light of the government's representation that it will do so, it is hereby ordered that this aspect of defendant's motion is denied as moot.  Admissibility of any such evidence is best left to the determination of the trial judge at the time of trial.

**Seach of Personnel Files of Government Agents**

Defendant seeks an order requiring the government to search the personnel files and records of any government agent or police witness for evidence of acts of dishonesty, false statements, mental or emotional disorder or instability, bias, prejudice, interest, corruption, physical or mental infirmity or lack of capacity and to disclose such evidence to the defendant or, at a minimum, produce such evidence for *in camera* review by the Court.  Dkt. #25, ¶¶ 146-149.

The government responds that it will provide to the defense any statement by a government witness as directed by the district court.  Dkt. #30, p.27.

Pursuant to *United States v. Kiszewski*, 877 F.2d 210 (2d Cir. 1989), the government is hereby ordered to review the personnel file of any government  agent expected to testify at trial and to provide any material impeachment evidence to the district court for *in camera* review.

-8-

**Preservation of Rough Notes & Evidence**

Defendant asks the Court to order the government to preserve and retain, and not to destroy, alter or misplace any evidence, tangible papers, reports, law enforcement agents' notes, objects or other information relating in any way to the investigation which led to this indictment.  Dkt. #25, ¶¶ 150-154.

The government responds that it will preserve any evidence seized in this matter to the extent possible, and acknowledges its obligations pursuant to the *Jencks Act*.  Dkt. #30, pp.27-28.

The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).  As a result, the government is hereby ordered to maintain and preserve all materials that are known by the government to exist that constitute potential *Jencks* and Rule 16 material.

**Rule 807 Disclosure**

Defendant seeks an order directing the government to comply with Rule 807 of the Federal Rules of Evidence and to provide the defendant notice of its intention to offer evidence pursuant to the residual hearsay exception.  Dkt. #25, ¶¶ 155.

This request is granted. The government is hereby ordered to make disclosure in accordance with Rule 807 of the Federal Rules of Evidence of any residual exception evidence which the government intends to use at trial.

**Leave to Make Further Motions**

Defendant seeks permission to make additional motions which may be necessitated by newly disclosed or discovered evidence or the Court's rulings on the instant motions.  Dkt. #25, ¶ 156.

This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Reciprocal Discovery**

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is hereby granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

-11-

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            February 17, 2012

    *S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**