UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     v.                                             1:10-cr-268

JERRY ROBBINS, a/k/a JERRY ROBINS,
d/b/a FINISH LINE AUTO SALES, a/k/a
FINISH LINE AUTO,

                                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Presently before the Court is the Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.

After a trial, a jury on November 4, 2014 returned a verdict of guilty against Defendant on seven counts of a twenty-six count indictment. The jury acquitted the Defendant on all other Counts. On November 14, 2014 Defendant filed a timely motion for acquittal pursuant to Federal Rule of Criminal Procedure 29(c). See dkt. # 157. The Court denied this motion on February 5, 2015. See dkt. # 173. After acquiring new counsel for the third time in this case, Plaintiff filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. See dkt. # 185. Defendant's motion alleges that his trial counsel was ineffective and that such conduct prejudiced him. He asserts that he and trial counsel had a breakdown in communication that undermined the success of his defense at trial. He alleges that defense counsel did not properly prepare for trial and failed to contact exculpatory witnesses Defendant identified before trial. Defendant also insists prejudice from

counsel's failure to object to hearsay testimony at trial and complains that counsel failed to consult him about trying the forfeiture claim against him to a jury. Such alleged ineffectiveness, Defendant insists, entitles him to a new trial.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendants' motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). A motion for a new trial based on the discovery of new evidence "must be filed within 3 years after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(1). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2). Defendant's motion was filed more than five months after the time for filing a Rule 33 motion passed. The motion does not allege newly discovered evidence, but instead ineffectiveness of trial counsel. "[I]neffective assistance claims do not present new evidence within the meaning of Rule 33." United States v. Castillo, 14 F.3d 802, 805 (2d Cir. 1994). Defendant's motion is therefore untimely, and "the district court lacks [jurisdictional] power to consider it." United States v. Dukes, 727 F.2d 34, 38 (2d Cir. 1984). Moreover, "in most cases a motion brought under §2255 is preferable to direct appeal for deciding claims of ineffective-assistance" and "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 504, 509 (2003).

Because the Defendant's motion for a new trial, dkt. # 185, is untimely, the Court will deny that motion.

IT IS SO ORDERED.

DATED: May 19, 2015

Thomas J. McAvoy
Senior, U.S. District Judge